# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DUSTIN SAUDER,**

                **Plaintiff,**

**v.**                                                 **Case No:   6:16-cv-932-Orl-28GJK**

**LEO BADALAMENTI and LEO'S**
**CONCRETE SPECIALTIES, INC.,**

                **Defendants.**

---

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 29)** |
| **FILED:** | **November 29, 2016** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED.**

On May 27, 2016, Plaintiff filed a one-count complaint against Defendants alleging a violation of the Fair Labor Standards Act ("FLSA") for failing to pay Plaintiff overtime wages. Doc. No. 1 at ¶¶ 14, 43-53. In the Complaint, Plaintiff alleges that he was only paid for work performed at the job site, and not for his time at Defendants' place of business loading and unloading the equipment needed for use at the job site or for his time travelling between Defendants' place of business and the job site. Doc. No. 1 at ¶¶ 28-30, 34, 47-49. On November 8, 2016, Defendants filed their Answer, Affirmative Defenses and Counterclaim. Doc. No. 28. In the Counterclaim, Defendants ask that they be awarded damages against Plaintiff for conversion.

Doc. No. 28 at 12.[1] They allege that Plaintiff stole gas from the company vehicle and charged Defendant Leo's Concrete Specialties' employees for rides in the company vehicle. *Id.* The Counterclaim does not contain allegations regarding jurisdiction, such as the citizenship of the parties, the amount in controversy, or an issue involving the United States Constitution or federal law. *Id.* Defendants also assert in their Eleventh Defense to the Complaint that Plaintiff charging their employees for rides to and from jobs is a basis for set-off. *Id.* at 11. On November 29, 2016, Plaintiff filed a motion to dismiss the Counterclaim (the "Motion"). Doc. No. 29 at 1.

Plaintiff argues in the Motion that the Counterclaim is permissive, thus requiring an independent basis for federal jurisdiction under Federal Rule of Civil Procedure 13(b), which it lacks. *Id.* at 2. Defendants contend that the Counterclaim is compulsory because Plaintiff "asserts claims concerning his use of a company vehicle and his right to be paid for the use of the company vehicle." Doc. No. 30 at 4.

In *Patel v. Goldspot Stores, LLC*, No. 6:15–cv–198–Orl–28DAB, 2015 WL 3401165, at *1 (M.D. Fla. May 26, 2015), the plaintiffs sued the defendant for unpaid overtime wages under the FLSA. The defendant filed a counterclaim for conversion and unjust enrichment, alleging that the "[p]laintiffs misappropriated lottery tickets at the store." *Id.* The plaintiffs moved to dismiss the counterclaim for lack of subject matter jurisdiction, Magistrate Judge David A. Baker recommended that the motion be granted, and Judge John Antoon II adopted Magistrate Judge Baker's report and recommendation and made it a part of his order. *Id.*

---

[1] It is not clear if one or both of the Defendants are bringing the Counterclaim. The opening paragraph defines the Defendant/Counter Plaintiff as Leo's Concrete Specialties, Inc., but the Wherefore clause asks that both Defendants be awarded damages against Plaintiff for conversion. Doc. No. 28 at 12. In their response to the motion to dismiss the Counterclaim, Defendants assert that only Leo's Concrete Specialties is pursuing the Counterclaim. Doc. No. 30 at ¶ 2.

In *Patel*, the Court noted that it has original jurisdiction over the FLSA claims under 28 U.S.C. § 1331, but the counterclaim arose under state law and there was no showing of facts establishing diversity jurisdiction. *Id.* The Court concluded that it only had subject matter jurisdiction over the counterclaim "if supplemental jurisdiction is authorized under 28 U.S.C. § 1367." *Id.* It did not matter whether the counterclaim was permissive or compulsory; instead, under section 1367, the appropriate focus is "'whether the state law claims are so related to a federal claim as to form part of the same case or controversy under Article III of the Constitution . . . .'" *Id.* at 2 (quoting *Beltran v. Medcure, Inc.*, No. 6:13–CV–234–ORL–28, 2013 WL 3833208, at *3 (M.D. Fla. July 23, 2013)). In finding that the counterclaim was not so related to the claim in the complaint, the Court used the common nucleus test, in which the Court compares the nucleus of facts upon which the federal claims are based with the nucleus of facts upon which the counterclaim is based. *Id.* at 2-3. The Court found that "the only connection between an action for unpaid wages and the alleged misappropriation is that" the defendant employed the plaintiffs when the alleged misappropriation occurred. *Id.* at 3. "The counterclaim is not so related to the FLSA claim that they form the same case or controversy." *Id.* Thus, there was no jurisdiction, and the counterclaim was dismissed without prejudice for the defendant to pursue it in state court.[2] *Id.*

Here, the nucleus of facts regarding Plaintiff's claim for unpaid overtime wages is that he was working when he was loading and unloading the company truck at Defendants' place of business and when he was driving between the job site and Defendants' place of business and that

---

[2] The Court also rejected the argument that it had jurisdiction because those same facts were raised in the affirmative defenses as a set-off. *Patel, LLC*, No. 6:15–cv–198–Orl–28DAB, 2015 WL 3401165, at *3. The Court noted that there is a difference between a claim seeking an award of damages and an affirmative defense of set-off. *Id.* Additionally, set-offs are not permitted in FLSA cases lacking an overpayment issue, as "'[s]et-offs against back pay awards deprive the employee of the 'cash in hand' contemplated by the Act, and are therefore inappropriate in any proceeding brought to enforce the FLSA minimum wage and overtime provisions . . . .'" *Id.* (quoting *Brennan v. Heard*, 491 F.2d 1, 4 (5th Cir. 1974), *overruled on other grounds by McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988)).Thus, the defendant's "attempt to litigate its misappropriation claims under the affirmative defense of set-off is not cognizable in this context." *Id.*

he was not paid for this time. Doc. No. 1 at ¶¶ 28-30, 34, 47-49. The nucleus of facts for the Counterclaim is that Plaintiff stole gas from the company truck and charged Defendants' employees to drive them in the company truck.³ Doc. No. 28 at ¶¶ 2-3. The connection between the unpaid overtime wages claim and the conversion claim is that Plaintiff was employed by Defendants at the time and Plaintiff drove the company truck to and from the job sites. As in *Patel*, the connection that Plaintiff was employed by Defendant at the time he allegedly stole the gasoline is not enough to form the same case or controversy to establish jurisdiction.

*Patel* relies on *Shepherd v. Kelley*, No. CIV.A. 12-0424-WS-B, 2013 WL 105284, at *2 (S.D. Ala. Jan. 8, 2013). *Patel*, No. 6:15–cv–198–Orl–28DAB, 2015 WL 3401165, at *2-3. In *Shepherd*, the plaintiff filed suit based on the defendants' alleged failure to pay him appropriately, including a claim for overtime compensation under the FLSA. *Shepherd*, No. CIV.A. 12-0424-WS-B, 2013 WL 105284, at *1. The defendant's counterclaim alleged that the plaintiff used "the defendants' food, equipment and confidential information for his own gain, including by selling and catering to the defendants' customers." *Id.* The court employed the nucleus test in determining whether it had supplemental jurisdiction over the counterclaim:

> The nucleus of operative fact for the plaintiff's claims is that he worked and was not paid. The nucleus of operative fact for the defendants' counterclaims is that the plaintiff used property of the defendants without their permission. The only overlapping fact in this nucleus is that the plaintiff was employed by the defendants.

*Id.* at *2. The defendants did not assert in the counterclaim "that the plaintiff's alleged conduct somehow forfeited his right to earned wages. There is not even an allegation that the defendants withheld the plaintiff's wages in retaliation for his conduct." *Id.*

---

³ The Counterclaim does not contain the allegation that Plaintiff was charging the employees for rides "to and from jobs . . . ." Doc. No. 28 at 11. Instead, this allegation is found in the Eleventh Defense asserted in the Answer. *Id.*

Here, as in *Shepherd*, the conversion claim alleges that Plaintiff used Defendants' property for his own gain—specifically, stealing gas and charging money for rides in the company truck. Doc. No. 28 at 12. Also as in *Shepherd*, Defendants do not allege in the Counterclaim that these actions forfeited Plaintiff's right to earned wages. *Id*. Defendants argue that both Plaintiff's allegations and the Counterclaim "concern his use of the company vehicle." Doc. No. 30 at 4. Although they both concern the use of the company vehicle, the underlying issue in the Complaint is whether Plaintiff should be compensated by Defendants for his time when he was driving or loading and unloading the company truck, whereas the Counterclaim presents issues about whether Plaintiff stole gas from Defendants and was improperly charging Defendants' employees for rides in the company truck for which Defendants now claim they are owed money damages. There is not a sufficient connection between the two to assert supplemental jurisdiction over the Counterclaim.

Based on the foregoing, it is **RECOMMENDED** that the Motion, Doc. No. 29, be **GRANTED** and the Counterclaim be **DISMISSED WITHOUT PREJUDICE** to pursue the claim set forth therein, if desired, in the appropriate state forum.

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1. **In order to expedite the final disposition of this matter, if the parties have no objection to**

**this report and recommendation, they may promptly file a notice of no objection.**

Recommended in Orlando, Florida, on March 8, 2017.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy