

FILED
IN OPEN COURT

April 25 2018

CLERK
U. S. DISTRICT COURT

B-3.1

### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DUSTIN SAUDER,**

          **Plaintiff,**

**-vs-**                        **Case No.  6:16-cv-932-Orl-28GJK**

**LEO'S CONCRETE SPECIALTIES,
INC. and LEO BADALAMENTI,**

          **Defendants.**

_____

### COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It is my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations.

B-3.2.2

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for, or prejudice against, anyone.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

B-3.3

As I said before, you must consider only the evidence that I have admitted in the case.  Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything that I have said that I have any opinion about any factual issue in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence, you may use reasoning and common sense to make deductions and reach conclusions.

"Direct evidence" is the testimony of a person one who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact.

You should not be concerned about whether the evidence is direct or circumstantial. There is no legal difference in the weight you may give to either direct or circumstantial evidence.

B-3.4

When I say that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision, you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point does not necessarily matter.

To decide whether you believe any witness, I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to observe accurately the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

B-3.5.1

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And, ask whether there was evidence that at some other time a witness said or did something, or did not say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake does not mean a witness was not telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception; this may depend on whether the misstatement is about an important fact or about an unimportant detail.

C-1

It is entirely proper for a lawyer to talk to a witness about what testimony the witness would give if called to the courtroom.  A witness should not be discredited just because the witness talked with a lawyer about his or her testimony.

B-3.7.1


In this case, it is the responsibility of the Plaintiff to prove every essential part of her claim by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find against the Plaintiff.

C-2

In this case you have been permitted to take notes during the course of the trial, and most of you—perhaps all of you—have taken advantage of that opportunity and have made notes from time to time.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory.  In other words, you should not give your notes any precedence over your independent recollection of the evidence or the lack of evidence; and neither should you be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony was.

F-4.14(M)

In this case, the Plaintiff contends that the Defendants did not pay him the overtime pay required by the federal Fair Labor Standards Act, also known as the FLSA.

To succeed on his claim, the Plaintiff must prove by a preponderance of the evidence that the Defendants failed to pay him the overtime pay required by law.

The FLSA requires an employer to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. Put another way, if an employee works more than 40 hours in one workweek, the employer must pay the employee the overtime rate of 1.5 times the regular rate for all time worked after the first 40 hours. This is commonly known as time-and-a-half pay for overtime work.

The employee's regular rate for one week is the basis for calculating any overtime pay due to the employee. To calculate how much overtime pay, if any, was owed to the Plaintiff for a certain week, subtract 40 from the total number of hours he worked and multiply the difference by the overtime rate. The Defendants failed to pay the Plaintiff the required overtime pay if they paid him less than that amount.

An employee's "workweek" is a fixed and regularly recurring period of 168 hours—seven consecutive 24-hour periods. In this case, the parties have stipulated

-9-

that the workweek was from Thursday through Wednesday.

Each workweek stands alone.  For each workweek, the employer must total all the hours worked by the employee in that workweek and pay overtime compensation for each hour worked in excess of forty hours.  Thus, if an employee works 30 hours in one week and 50 hours the next, he must receive overtime compensation for the overtime hours worked beyond the applicable maximum in the second week, even though the average number of hours worked in those two weeks is 40.

HW

Work not requested, but suffered or permitted to work, is work time.  For example, an employee may voluntarily continue to work at the end of his shift.  He may desire to finish an assigned task, or he may wish to correct errors or prepare time reports or other records.  The reason is immaterial.  If the employer knows or has reason to believe that the employee is continuing to work, the time is working time.

This rule is also applicable to work performed away from the premises or the job site, or even at home.  If the employer knows or has reason to believe that the work is being performed, the employer must count the time as hours worked.

TT

The FLSA does not require employers to pay employees for time spent traveling from their homes to their workplace before the start of the workday or traveling from their workplace to their homes after the workday is over.  An employee who travels from home before the regular workday and returns to his home at the end of the workday is engaged in ordinary home-to-work travel, which is not work time. This is often referred to as an employee's commute, and it is not compensable.

On the other hand, time spent by an employee in travel as part of his "principal activities," such as travel from job site to job site during the workday, must be counted as hours worked.  Where an employee is required to report at a meeting place to receive instructions or to perform other work there, or to pick up and to carry tools, the travel from the designated place to the work place is part of the day's work, and it must be counted as hours worked regardless of contract, custom, or practice.

For example, if an employee normally finishes his work on the premises at 5 p.m. and is sent to another job, which he finishes at 8 p.m., and is required to return to his employer's premises arriving at 9 p.m., all of the time is working time.  But if the employee goes home instead of returning to his employer's premises, the travel after 8 p.m. is work-to-home travel and is not hours worked.

PA

The term "principal activities" includes activities that an employee is employed to perform.  The term also includes activities that are integral and indispensable to the employee's principal activities.

An activity is integral and indispensable to an employee's principal activities if it is an intrinsic element of those activities and one with which the employee cannot dispense if he is to perform his principal activities.

F-4.14(D)

If you find that the Defendants did not pay the Plaintiff overtime pay as required by the FLSA, you must decide the issue of the Plaintiff's damages. The amount of damages is the difference between the amount the Plaintiff should have been paid and the amount the Plaintiff was actually paid.

The Plaintiff is entitled to recover unpaid overtime from May 27, 2014 (two years before he filed the Complaint in this case) to March 23, 2016 (the last day he worked for Defendants), unless you find that the Defendants either knew or showed reckless disregard for whether the FLSA prohibited their conduct. If you find that the Defendants knew or showed reckless disregard for whether the FLSA prohibited their conduct, then the Plaintiff is entitled to recover unpaid overtime from May 27, 2013 (three years before he filed the Complaint in this case), to March 23, 2016 (the last day he worked for Defendants).

"Reckless disregard" includes failure to make adequate inquiry into whether one's conduct is in compliance with the FLSA.

The law requires employers to keep records of how many hours their employees work and the amount that they are paid. In this case, the Plaintiff claims that the Defendants failed to keep and maintain adequate records of his hours and pay. The Plaintiff also claims that the Defendants' failure to keep and maintain

adequate records has made it difficult for the Plaintiff to prove the exact amount of his claim.

If you find that the Defendants failed to keep adequate time and pay records for the Plaintiff and that the Plaintiff performed work for which he should have been paid, the Plaintiff may recover a reasonable estimation of the amount of his damages.  But to recover this amount, the Plaintiff must prove by a preponderance of the evidence a reasonable estimation of the amount and extent of the work for which he seeks pay.

B-3.8.1

Of course, the fact that I have given you instructions concerning the issue of the Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous—in other words, you must all agree. Your deliberations are secret; you will never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So, you must discuss the case with one another and try to reach an agreement. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But, do not give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that in a very real way you are judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

B-3.9

When you go to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you have all agreed on the verdict, your foreperson must fill in the form, sign it, and date it. Then you will return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I will respond as promptly as possible—either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But, I caution you not to tell me how many jurors have voted one way or another at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

-17-